**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Carlos Alejandro Moreno Orellana,

Petitioner

v.

John Mattos, et al.,

Respondents

Case No.: 2:26-cv-02001-JAD-BNW

**Order Granting Habeas Relief and Denying as Moot Motion for Temporary Restraining Order**

[ECF Nos. 7, 13]

Petitioner Carlos Alejandro Moreno Orellana is a Honduran citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials around December 23, 2025. ICE detained him at the Nevada Southern Detention Center in Pahrump, Nevada. Orellana seeks a writ of habeas corpus, alleging that he did not receive a constitutionally adequate bond hearing in violation of his due-process rights. The government responds that Orellana is subject to mandatory detention and hasn't exhausted his administrative remedies and that the immigration judge's dangerousness determination was constitutionally adequate.

Because Orellana raises serious concerns about the constitutionality of his bond hearing and awaiting an appeal would cause irreparable harm, I waive the exhaustion requirement. I also find that the immigration judge abused his discretion by denying bond because he relied on inaccurate evidence regarding Orellana's first misdemeanor conviction, ignored the lack of probative and specific evidence for his pending driving-under-the-influence charge, and didn't discuss the other factors relevant to his dangerousness. Because the government provided two constitutionally inadequate bond hearings and deprived Orellana of his due-process rights, I

grant his petition and order his release. I also deny as moot his motion for a temporary restraining order.

## Discussion

### A. This court has jurisdiction over Orellana's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2]

### B. Orellana's need to exhaust administrative remedies is excused.

On March 23, 2026, Orellana sought a custody redetermination hearing from an immigration judge (IJ) on whether he should be released from detention while his removal proceedings were ongoing.[3] The IJ found that he lacked jurisdiction and denied the motion.[4] As a class member in the *Jacobo Ramirez*[5] case pending before another judge in this district, Orellana requested and received another custody redetermination hearing after this district's finding that noncitizens detained under 8 U.S.C. § 1226(a) are entitled to bond hearings.[6] At the

---

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] ECF No. 7 at 4.

[4] *Id.*

[5] *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073, 1123 (D. Nev. 2026). The government argues that Orellana is no longer a class member because he received a bond hearing. ECF No. 11 at 2. I do not find this argument relevant to determining whether his second bond hearing was constitutionally adequate, so I do not address it.

[6] *Id.*; *see also Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1184 (9th Cir. 2026) (affirming that 8 U.S.C. 1226(a) detainees are held under discretionary detention); ECF No. 7 at 5–6.

second hearing, the IJ found that Orellana was a "[d]anger to the community" based on "two DUI arrests within the last two years" and again denied bond.[7]

The government argues that Orellana failed to exhaust his administrative remedies.[8] It cites to the Ninth Circuit's opinion in *Laing v. Ashcroft*[9] to contend that a petitioner must appeal a bond determination to the Board of Immigration Appeals (BIA) prior to filing a habeas petition.[10] Orellana responds that waiting for the results of an administrative appeal would cause him irreparable harm because he has been detained for nearly ten months as a result of two unconstitutional custody redetermination hearings.[11] He also argues that exhaustion would be futile because the IJ twice denied bond and his time to appeal has now lapsed.[12]

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[13] "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[14]

I find that requiring Orellana to exhaust administrative remedies would cause irreparable injury. As discussed *infra*, he put forth undisputed arguments that the immigration judge failed

[7] ECF No. 7 at 4; ECF No. 10-3.

[8] ECF No. 11 at 8–9.

[9] *Laing v. Ashcroft*, 370 F.3d 994 (9th Cir. 2004).

[10] ECF No. 11 at 8–9.

[11] ECF No. 12 at 7–8.

[12] *Id.* at 7.

[13] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[14] *Id.* (quoting *Laing*, 370 F.3d at 1000).

to conduct a constitutionally adequate bond hearing by relying on insufficient evidence.[15] Detention without a constitutionally adequate bond hearing is irreparable injury.[16] Under these circumstances, I find it appropriate to excuse the prudential exhaustion requirement because further irreparable injury would result from Orellana's continued detention.

**C. Orellana is detained under 8 U.S.C. § 1226(a), and he is thus not subject to mandatory detention.**

The government argues that Orellana's arrest requires mandatory detention under 8 U.S.C. 1225(b).[17] That statute governs detention for some noncitizens whose immigration proceedings are pending. The subsection cited by the government, § 1225(b)(2), is a "catchall provision" that "requires detention for a removal proceeding."[18] After the government filed its response, the Ninth Circuit held in *Rodriguez Vazquez v. Bostock* that 8 U.S.C. § 1226(a) applies to noncitizens who are detained while "present in the United States without admission" and does not require mandatory detention.[19] Because Orellana unlawfully entered the United States in 2022 and his 2025 arrest occurred in Montana,[20] he is detained under by 8 U.S.C. § 1226(a) and not subject to mandatory detention.

---

[15] ECF No. 7 at 9.

[16] *Hernandez*, 872 F.3d at 994–95 ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Castillo v. Blanche et al.*, 2026 WL 2071063, at *3 (D. Nev. July 17, 2026).

[17] ECF No. 11 at 3–5.

[18] *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018) (cleaned up); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

[19] *Rodriguez Vazquez*, 183 F.4th at 1184.

[20] ECF No. 10-1 at 3; ECF No. 7 at 6.

**D. The government failed to provide Orellana with a constitutionally adequate bond hearing.**

Orellana claims that his bond hearing was inadequate because the IJ's dangerousness decision is legally erroneous and unsupported by evidence.[21] District courts review an IJ's custody determination for abuse of discretion.[22] Under this standard, the court cannot weigh evidence but can determine whether the immigration judge's decision reflects clear legal error or is unsupported by sufficient evidence.[23]

In *Matter of Guerra*, the BIA identified nine factors that an IJ may weigh when making a custody determination.[24] These factors include whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States.[25] An IJ has broad discretion to weigh these factors, but if the decisionmaker misstates the record or fails to mention highly probative or dispositive evidence, his decision may reflect an abuse of discretion.[26]

Orellana argues that the IJ relied on an incomplete factual record to deny bond. His order states that Orellana had "two DUI arrests within the last two years,"[27] but Orellana contends that his Form I-215 shows that the 2024 arrest resulted instead in a conviction for driving without a

---

[21] ECF No. 7 at 8–12.

[22] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[23] *Id.* at 785; *Restrepo v. Noem*, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026).

[24] *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

[25] *Id.*

[26] *Id.*

[27] ECF No. 10-3.

valid license.[28] His 2025 arrest, he argues, was for a DUI misdemeanor and is still pending.[29] He also argues that the IJ failed to identify any precedent supporting his dangerousness finding, the government should have had the burden of showing danger by clear-and-convincing evidence, and the IJ failed to consider any of the other mitigating *Guerra* factors in his decision.[30] The government responds that Orellana's criminal offenses "whether merely charges or convictions" were close together and recent.[31] It does not address Orellana's contention that the IJ failed to consider the disposition of his 2024 arrest. It responds that the IJ was following controlling precedent and statutory authority and is not required to cite the case law and statutes that he relied upon.[32]

The government ignores Orellana's argument that the IJ misconstrued the nature of his 2024 conviction. According to his FBI "rap sheet" attached to his Form I-213, Orellana was arrested in 2024 for a DUI, but the case concluded in only a driving-without-a-valid-license conviction for which Orellana served no jail time.[33] While criminal history is the most important *Guerra* factor, an IJ must consider the extensiveness of the criminal history and the recency and seriousness of the offense.[34] The IJ's order does not show that he considered the disposition of this arrest or the seriousness of the conviction.

---

[28] ECF No. 7 at 9; *see* ECF No. 10-1 at 3.

[29] ECF No. 7 at 11.

[30] *Id.* at 9–10.

[31] ECF No. 11 at 8.

[32] *Id.*

[33] *See* ECF No. 10-1 at 10–11.

[34] *Martinez*, 124 F.4th at 783 (quoting *Guerra*, 24 I. & N. Dec. at 40).

If an IJ relies on arrests or charges to support a dangerousness finding, there must be probative and specific evidence supporting the charge.[35] Orellana's 2024 charge did not result in a DUI conviction, so the record shows no probative or specific evidence of this DUI and the IJ improperly considered the arrest without weighing its result. He also references Orellana's 2025 DUI arrest. But again, he does not detail the probative and specific evidence supporting this arrest; the order is not a complete sentence, contains only 11 words, and fails to cite any BIA precedent or articulate the IJ's reasoning.[36] In *Zhamagortsyan v. Adelanto ICE Processing Center*,[37] the Central District of California found that a petitioner with one pending DUI charge, which did not cause an accident or injury, should not be subject to a dangerousness finding.[38] The court ordered the petitioner's release, finding that the IJ had failed to apply the dangerousness standard to the specific facts before him.[39] I find this reasoning persuasive and similarly conclude that the IJ's decision was legally erroneous here.

The government also fails to respond to Orellana's argument that the IJ should have considered the eight-remaining *Guerra* factors in determining dangerousness. While criminal history is "most pertinent" to assessing dangerousness, the IJ's order barely supports his dangerousness finding and doesn't discuss Orellana's family ties or employment history, which he alleges weigh in favor of release.[40] Orellana's misdemeanor conviction for driving without a

---

[35] *Barrientos v. ICE Field Office Director*, 667 Fed. App'x 184, 184 (9th Cir. 2016) (citing *Guerra*, 24 I. & N. Dec. at 40).

[36] *See* ECF No. 10-3.

[37] *Zhamagortsyan v. Warden, Adelanto ICE Processing Center et al.*, 2026 WL 2876062 (C.D. Cal. Sept. 24, 2026).

[38] *Id.* at *4, *8.

[39] *Id.* at *8.

[40] ECF No. 7 at 10. While neither Orellana nor the government filed audio from the bond hearing, the government does not dispute that the IJ failed to consider the other *Guerra* factors,

valid license and pending DUI charge should not foreclose consideration of the remaining *Guerra* factors. Without any more information regarding the IJ's reasoning besides this written order, I find that he abused his discretion by considering erroneous evidence regarding Orellana's conviction, failing to consider the specific circumstances of his 2025 arrest, and declining to discuss the other *Guerra* factors. So I find that the inadequate bond hearing violated Orellana's due-process rights, and I grant his habeas petition.

**E. Because both of Orellana's bond hearings violated his due-process rights, I order his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[41] After concluding that a bond hearing violated petitioner's due-process rights, courts have either ordered a constitutionally adequate hearing or release.[42] Because Orellana has had at least two bond hearings that failed to afford his Fifth Amendment due-process rights and has been detained for nearly ten months, I find that the appropriate remedy is his immediate release from custody. I thus deny as moot his motion for a temporary restraining order.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Carlos Alejandro Moreno Orellana's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 15] is GRANTED**. **Orellana must be released from detention within three days, subject to reasonable**

---

so I take Orellana's representations as true. *See United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

[41] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[42] *See, e.g.*, *Ramirez-Anaya v. Mattos*, 2026 WL 1362540, at *6 (D. Nev. May 15, 2026); *Zhamagortsyan*, 2026 WL 2876062, at *8; *Gonzalez Reyes v. Rios*, 2026 WL 2190830, at *7 (C.D. Cal. July 28, 2026).

**conditions of supervision to be imposed by Immigration and Customs Enforcement under 8 U.S.C. § 1226(a)(2). Imposition of those conditions must not impede Orellana's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on petitioner's counsel:

(1) notice of the date, time, and location of Carlos Alejandro Moreno Orellana's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Orellana's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Carlos Alejandro Moreno Orellana absent clear-and-convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that he is a flight risk or danger to the community such that his physical custody is legally justified.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

IT IS FURTHER ORDERED that Carlos Alejandro Moreno Orellana's motion for a temporary restraining order **[ECF No. 13] is DENIED** as moot.

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
October 8, 2026